# A. A. COOPER WAGON AND BUGGY COMPANY, Appellant, v. FRED WOOLDRIDGE, Respondent.

### Kansas City Court of Appeals, April 6, 1903.

**Replevin:** TITLE: POSSESSION. Where a plaintiff has parted with both title and possession of personal property, he can not maintain replevin therefor.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*E. A. Vinsonhaler* and *S. E. Browne* for appellant.

Under the original order the title was to remain in appellant until paid for. If the court holds that there was not an acceptance of the new terms imposed by appellant, then, as the order was in duplicate, the change would not invalidate the contract for it may be proven by the copy in hands of Bailey & George. Jones v. Hurd, 26 S. W. (Ark.) 193. In such case the vendor may recover from the assignee of the vendee. Tufts v. Thompson, 22 Mo. App. 564; Mfg. Co. v. Huff, 62 Mo. App. 124. The only issue presented by answer is a general denial.

*James B. Newman* for respondent.

It devolved on appellant to show its right, if it had any, to the possession of the property in controversy. It destroyed all right, if it ever had any, under the order sent it by Bailey & George when it made the alterations therein, and if there had been a commission contract of any kind it devolved on appellant to show

what it was; for appellant could recover only on the strength of its own title. Kennedy v. Dodson, 44 Mo. App. 550; Moore v. Carr, 65 Mo. App. 64; Springfield v. Shackelford, 65 Mo. App. 364; Fleming v. Clark, 22 Mo. App. loc. cit. 222; Stave Co. v. Whetson, 34 Mo. 624.

BROADDUS, J.—This is an action of replevin for certain articles included in the order of Bailey & George made on the plaintiff on July 15, 1901, referred to in a case decided at this term of court between the same parties as here. The articles in question remained unsold and passed into the hands of the respondent as assignee. The evidence in this case proves that the said articles were sold outright, as shown by the statements and bills that were furnished by plaintiff to said firm from time to time. The plaintiff seeks to recover under said original order, which we have decided it can not do. The plaintiff having parted with both the title and possession of the property in controversy, it can not maintain replevin.

Cause affirmed. All concur.